**Milton P. HIGGINS, III,**
**Plaintiff–Appellant,**

v.

**Nathan SCHERR, Defendant–Appellee.**

**No. 87–2580.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 4, 1987.

Decided Jan. 12, 1988.

---

Geoffrey Robert Garinther (James L. Shea, Venable, Baetjer & Howard, Baltimore, Md., on brief), for plaintiff-appellant.

Curtis C. Coon (Stuart Levine, Rachel E. Zelkind, Burke, Gerber, Wilen & Francomano, Baltimore, Md., on brief), for defendant-appellee.

Before HALL and MURNAGHAN, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

MURNAGHAN, Circuit Judge:

The factual antecedents of the present case began with a long friendship or acquaintanceship between the plaintiff, Milton P. Higgins, III, and the defendant, Nathan Scherr. Scherr enjoyed the good fortune of being the owner of the horse, Aloma's Ruler, which won the 1982 Preakness at Pimlico Race Track in Baltimore. Higgins, claiming he had provided services to

Scherr, filed an action for breach of contract, for *quantum meruit,* and on a promissory estoppel theory. Higgins alleged that over several years he had provided assistance to Scherr (a) in syndication of the Preakness winner at stud, (b) in the purchase of horses,[1] and (c) in the seeking and investigation of a desirable site for purchase by Scherr of a farm to be used for horse breeding and training purposes. Higgins further alleged that Scherr and he had entered an understanding that Higgins would be compensated for his services. Upon Scherr's refusal to provide such compensation, suit was filed.

The district court[2] concentrated only on the services relating to the purchase of a horse farm[3] and granted full summary judgment in favor of Scherr. In this respect, we conclude it was in error. Complaints are liberally construed under Fed.R. Civ.P. 8(f). *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). "A pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A complaint need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. *Cf. Wolman v. Tose,* 467 F.2d 29 (4th Cir.1972). The case came up on an appeal from a grant of total summary judgment in favor of Scherr. The failure adequately to dispose of claims other than those related to the horse farm purchase leads us to conclude that there was error in the general summary judgment grant requiring reversal and remand.

Apparently the district court gave to *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), more weight than it is entitled to. The Supreme Court there indicated that the opponent of a summary judgment motion has a burden of showing, by proper affidavits or other

---

1. The claim for assistance in buying of horses was subsequently abandoned by Higgins.

2. *Higgins v. Scherr,* 655 F.Supp. 368 (D.Md. 1987).

3. The court regarded the other items as only incidental and regarded their pleading as only providing background to the claim related to the horse farm purchase.

evidence, the existence of a genuine dispute of material effect and cannot simply rest upon his unverified complaint. However, that is true as to what must be shown only after the movant for summary judgment has met the burden of production by showing that there is an absence of evidence to support the non-moving party's complaint. Scherr simply did not satisfy the burden of production as to Higgins' claim for compensation for services other than those connected with the horse farm purchase. Higgins, as the non-movant, was not required to prove his entire case upon the mere incantation by Scherr of "summary judgment" as to but one aspect. *Celotex, supra,* 106 S.Ct. at 2554.

The district court also sought to rely on a supposed error he perceived in failure of Higgins to allege a promise on behalf of Scherr in return for services concerning Aloma's Ruler. However, in fact, Higgins alleged an understanding with Scherr that Higgins "would be duly compensated."

Going further, the district court held that, in the absence of contract, a pleading of promissory estoppel would not suffice. However, promissory estoppel is sometimes rather loosely referred to as "a factor other than" compensation and sometimes as "a substitute for" compensation. Since the case must be reversed in any event, there being adequate assertions of contract or *quantum meruit,* we regard it as only fair that Higgins should be allowed to seek to prove promissory estoppel. In doing so, we by no means mean to suggest that he would be successful, for if he fails in proving consideration and, therefore, loses as to his claims of breach of contract and of *quantum meruit,* he may be reduced to a somewhat fanciful and difficult claim if he must rely on promissory estoppel. However, he should be given the chance to attempt to persevere.

The district court addressed exclusively the horse farm purchase aspects, relying on its interpretation of Maryland statutory law. Md. Code Ann. art. 56 §§ 212–232A (1983 & Supp.1987). From the district court's point of view, a statutory prohibition on acting as a real estate broker or salesman in Maryland requires, before one may seek compensation, the securing of a license from the state as a real estate broker or salesman. *See* Md. Code Ann. art. 56, § 228 (1983). It is not asserted that Higgins ever had acquired such a license.

We cannot tell with assurance that, in the posture of the case on remand, the argument will be significant as to a claim for compensation for the horse farm in subsequent proceedings of the case. If it is, a certification to the Court of Appeals of Maryland under Md. Cts. & Jud.Proc.Code Ann. § 12–601 may be the most appropriate manner of dealing with the matter since several questions of Maryland law may come into play which have not as yet been decided. We say so, for example, because § 217, in one place, bans activities of any person without a license. It is provided in § 228:

> No action or suit shall be instituted, nor recovery therein be had, in any court of this State by any person, copartnership, association, or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this subtitle to other than licensed real estate brokers and real estate salesmen unless such person, copartnership, association or corporation was duly licensed hereunder as real estate broker or real estate salesman prior to the time of offering to perform any such act or service or procuring any promise or contract for the payment of compensation for any such contemplated act or service.

A license is required of one who, for another and for a fee, commission or any other valuable consideration purchases real estate (excepting, however, owners). However, § 212(a) further states the license is necessary for one aiding for a fee any person in locating or obtaining for purchase any *residential* real estate. The horse farm purchase referred to here may, as far as the allegations presently before us are concerned, have related to an aspect of a business venture rather than to a residential arrangement. Further, it would be of material assistance to know how far

the Maryland statute, which is cast in rather wide-ranging terms, actually goes. It is undoubtedly true that there are some limits to the statute. *Compare Sheppard v. Bay County Realty, Inc.*, 297 Md. 88, 465 A.2d 857 (1983), holding that sales of interests in a limited partnership formed to own and develop real property is not within the scope of § 212(a). Higgins may succeed in proving that his kind of activity concerning the horse farm was never intended to be reached by § 212.

Whether it will be necessary to make certification to the Court of Appeals of Maryland remains a matter for the district court to address if and when an undecided question or questions of Maryland law arises.

REVERSED AND REMANDED.