# FORD MOTOR COMPANY

### V.

## BILLIE PHELPS

Record No. 890194

March 2, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ.,
and Poff, Senior Justice

*John M. Thomas (Allan S. Reynolds, Sr.; Reynolds, Smith & Winters*, on briefs), for appellant.
*J. Riley Johnson, Jr. (John F. Rixey; Williams S. Sands, Jr.; Rixey and Rixey; White, Johnson & Lawrence*, on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this products liability case involving a defective automobile, we consider whether the trial court erroneously admitted without limitation certain documents in evidence under the modern Shopbook Rule.

In June 1981, appellee Billie Phelps' employer purchased for her use from a Newport News automobile dealer a new 1981 Granada four-door sedan, manufactured by appellant Ford Motor Company. During the next one and one-half years, Phelps experienced problems with the vehicle on a weekly basis. The car stalled during normal operation, at which time it lost power to the steering and brake mechanism rendering it difficult to steer or to

stop. During this period, Phelps took the vehicle to the selling dealer and to other Ford dealers in the Tidewater area seeking a solution to the stalling problem.

On February 17, 1983, Phelps was operating the vehicle, and while making a turn the engine cut off due to a malfunction. She lost control of the vehicle, it crashed into a highway guardrail, and she sustained personal injuries.

In January 1985, Phelps brought this damage suit asserting negligence and breach of warranty against the manufacturer, the selling dealer, and two other Tidewater Ford dealers which had attempted to correct the stalling problem. The plaintiff's main theory of recovery against Ford Motor Company was that it failed to warn the plaintiff of the danger associated with the stalling and that it failed to exercise ordinary care to repair the vehicle. Ford disputed the charges of breach of warranty and negligence. Also, it denied the accident was caused by vehicle malfunction.

During a 1988 trial, a jury found in favor of the selling dealer, the other dealer defendants having previously been dismissed on motions to strike the evidence. The jury found against defendant Ford Motor Company and fixed the plaintiff's damages at $600,000. We awarded defendant this appeal from a November 1988 order entering judgment on the verdict.

Upon appeal, defendant argues that it is entitled to reversal and final judgment because the jury, in finding in favor of the selling dealer, rejected plaintiff's breach of warranty claims, and because plaintiff failed to plead or prove negligent failure to repair or negligent failure to warn. In the alternative, defendant argues that it is entitled to reversal and a new trial because of certain procedural errors committed by the trial court. We believe the liability issues were properly submitted to and decided by the jury adversely to Ford. It is unnecessary, however, to discuss the procedural issues because our decision of an evidentiary question also raised by defendant requires a reversal and new trial, and those procedural issues may not arise again.

During the course of discovery, the plaintiff obtained copies of documents from defendant's records involving complaints of stalling from approximately 54 owners of 1981 Granadas made to Ford before this accident. The plaintiff offered these copies on the basis that they constituted notice to Ford, and they were received in evidence as exhibits 26, 27, 28, 29, 30, 31, 35, and 36. The trial court refused defendant's request to instruct the jury that these

exhibits, containing 226 pages, were admissible only on the issue of notice and that they should not be considered "as evidence of a defect" nor for the truth of the matters stated in the documents. The court refused to give such a cautionary instruction and told the jury that the documents "may be considered by you as evidence in the case."

Included in the exhibits were numerous Ford pre-printed forms labelled either "Customer Assistance Request," "Owner Contact Worksheet," "Legal Investigation Request," or "Field Contact Report." The forms had been filled in by Ford employees who noted certain basic information such as the customer's name, address, and telephone number as well as vehicle mileage and warranty number. Some of these forms contained, in a Ford employee's handwriting, a summary of the customer's complaint about the 1981 Granada. Other forms did not contain such a synopsis; attached to those forms were personal letters from customers, and letters from attorneys of customers, describing in detail the car's stalling problems.

The letters on the whole were accusatory and self-serving. For example, in one letter written just two weeks before this accident, a Florida attorney charged that the condition of his client's 1981 Granada was "dangerous" and that the vehicle had "stalled while making a turn." In another letter, a Kentucky customer wrote in June 1981 that he had been involved in an accident caused by "failure of the car's engine."

The plaintiff contends that the trial court correctly admitted the exhibits as evidence without imposing a restriction on their use. Plaintiff points out that Ford admitted that the documents were genuine, and that they were either prepared by Ford through its employees in the ordinary course of business or were received and maintained by Ford in the ordinary course of business. "As such," plaintiff says, "they were offered as Shopbook Rule exceptions to the hearsay rule." Additionally, plaintiff argues that complaints of "similar accidents" may be received for "corroboration," relying on a number of federal decisions. We do not agree and hold that the trial court improperly refused to limit the jury's use of the exhibits.

Under the modern Shopbook Rule, adopted in Virginia as a recognized exception to the hearsay rule, verified regular entries may be admitted in evidence without requiring proof from the original observers or record keepers. *Neely v. Johnson*, 215 Va.

565, 571, 211 S.E.2d 100, 106 (1975). Generally, this exception has been restricted to facts or events within the personal knowledge and observation of the recorder to which the recorder could testify if called as a witness. *Id*. But the general application of the exception is not all-inclusive. We have approved a qualification to the principle and have held that an entry made by one person in the regular course of business, recording an oral or written report made to that person by others in the regular course of business, of a transaction within the personal knowledge of such latter persons is admissible. The entry must be verified by testimony of the former person, or of a superior who testifies to the regular course of business. Admission is allowed provided the practical inconvenience of producing as witnesses the numerous other persons would outweigh the probable utility of doing so. *"Automatic" Sprinkler Corp.* v. *Coley & Peterson*, 219 Va. 781, 793, 250 S.E.2d 765, 773 (1979). *See Ashley* v. *Commonwealth*, 220 Va. 705, 708, 261 S.E.2d 323, 325 (1980). Pertinent to this case, the rule deals with records *made*, and not merely kept, in the regular course of business. "The trustworthiness or reliability of the records is guaranteed by the regularity of their preparation and the fact that the records are relied upon in the transaction of business by the person or entities for which they are kept." 219 Va. at 793, 250 S.E.2d at 773.

In the present case, the hearsay statements contained in the documents fail to qualify for admission in evidence without limitation. As the defendant argues, the consumers, who either made the complaints themselves (or through counsel) or who furnished the information to Ford employees from which the records of the complaints were made, were not acting in the regular course of business. Instead, they were acting as consumers for personal reasons unrelated to any business. Therefore, the required guarantee of reliability is entirely absent, and the Shopbook Rule does not permit the substance of these exhibits to be considered for the truth of the matters recorded in the documents.

Moreover, we decline plaintiff's invitation to allow proof of complaints of similar accidents for "corroboration." As we said recently, evidence of similar accidents, when relevant, will be received to establish that defendant had notice and actual knowledge of a defective condition, provided the prior incident occurred under substantially the same circumstances, and had been caused by the same or similar defects and dangers as those in issue. *Gen-*

*eral Motors Corp.* v. *Lupica,* 237 Va. 516, 521, 379 S.E.2d 311, 314 (1989). This rule, however, is limited to proof of notice and actual knowledge and does not authorize admission of the evidence substantively as "corroboration." Parenthetically, documents were admitted in *Lupica* for the limited purpose of notice, and the jury was so instructed.

Finally, we do not view the trial court's error to be harmless, even though a number of the complaining consumers testified during the trial. *See* Code § 8.01-678(2) (no judgment shall be reversed for trial error when parties have had fair trial and substantial justice reached). Their testimony comported with the rules of evidence and, unlike the exhibits in question, was not tainted with hearsay, opinions, conclusions, and other non-probative matter prejudicial to defendant.

For the trial court's failure to limit the use of the exhibits, we will reverse the judgment in favor of the plaintiff and will remand the case for a new trial on all issues.

*Reversed and remanded.*