34 F.3d 1066
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
A.J. BUCK & SON, INCORPORATED, for the Use and Benefit of
Atlantic Mutual Insurance Company, Plaintiff-Appellant,
CROWN EQUIPMENT CORPORATION, Defendant-Appellee.
 No. 92-2533.
 United States Court of Appeals, Fourth Circuit.
 Sept. 15, 1994.
Argued April 12, 1994.
Decided Sept. 15, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-92-272-3)
 Keith Alan Rosenberg, Meyer, Faller, Weisman & Rosenberg, P.C., Washington, D.C., for appellant.
 Carl Belden Epps, III, Turner, Padget, Graham & Laney, P.A., Columbia, SC, for appellee.
 James W. Morris, III, Lynne Jones Blain, Morris & Morris, Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 BUTZNER, Senior Circuit Judge:
 
 
 1
 The sole issue in this diversity products liability case is whether the district court erred by excluding a complaint filed in a Michigan state court that alleged a wrongful death caused by a forklift manufactured by Crown Equipment Corporation. The plaintiff in the instant case sought to use the complaint to establish that Crown had notice of a defect in the forklift and breached its duty to warn about the danger. Because we conclude that the district court did not abuse its discretion by excluding the evidence, we affirm the judgment of the district court entered on a verdict exonerating Crown.
 
 
 2
 * Willard Jeffries was injured in Virginia in April 1990 while operating a forklift that his employer, A.J. Buck & Sons, Inc., had purchased in 1985 from Crown. Jeffries became wedged between the forklift and a pole when the forklift did not shut off after coming in contact with him. After paying Jeffries' workers compensation insurance benefits, Atlantic Mutual Insurance Company, pursuant to its right of subrogation, brought an action in Buck's name against Crown alleging negligent design, breach of warranty, and strict liability.
 
 
 3
 Prior to trial, Crown filed a motion in limine to exclude a copy of a 1987 complaint filed in a Michigan state court that alleged a wrongful death resulting from an accident in which a Crown forklift crushed the decedent against a post. The district court granted Crown's motion. It dismissed the strict liability count at the close of Buck's case. The jury returned a verdict for Crown, and the district court entered judgment on the verdict. Buck assigns error to the district court's exclusion of the Michigan complaint and seeks a new trial.
 
 II
 
 4
 The sufficiency of pleadings and relevance of evidence are governed by federal law. The parties agree that Virginia law measures the duty of a manufacturer under theories of negligence, warranty, and strict liability.
 
 
 5
 The standard for reviewing a district court's exclusion of evidence is abuse of discretion. DeBenedetto v. Goodyear Tire & Rubber Co., 754 F.2d 512, 518 (4th Cir.1985). Specifically, a trial court's decision about the admissibility of other accident evidence "will not be disturbed unless there is a clear and prejudicial abuse of discretion." Drabik v. Stanley-Bostitch, Inc., 997 F.2d 496, 508 (8th Cir.1993).
 
 
 6
 Although a manufacturer owes a duty to warn about the dangers of a product at the time it leaves its hands, it has no continuing duty to warn with respect to warranty and strict liability. Buck concedes as much. See generally Bly v. Otis Elevator Co., 713 F.2d 1040, 1043-46 (4th Cir.1983).
 
 
 7
 In contrast, a manufacturer can be held liable under a negligence theory for breach of a continuing duty to warn if it learns of a defect after sale and fails to warn purchasers. See Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 280 (4th Cir.1987); Bly, 713 F.2d at 1045-46; Ford Motor Co. v. Phelps, 239 Va. 272, 275-76, 389 S.E.2d 454, 457 (1990); General Motors Corp. v. Lupica, 237 Va. 516, 520-21, 379 S.E.2d 311, 314 (1989).
 
 
 8
 Buck's complaint did not allege or plead a cause of action for breach of the duty to warn. Under the federal rules, pleadings need only give fair notice of the nature of the claim and the grounds upon which it rests. See Conley v. Gibson, 355 U.S. 41, 47 (1957); Higgins v. Scherr, 837 F.2d 155, 156 (4th Cir.1988). Nevertheless, even under our liberal standards for notice pleading, Buck's allegations of negligent design were insufficient to place Crown on notice that Buck sought damages for breach of a continuing duty to warn.
 
 
 9
 Island Creek Coal Co. establishes that a plaintiff must specifically plead a claim based on a continuing duty and negligent failure to warn. 832 F.2d at 280-81. Island Creek brought an action for breach of warranty and negligence. 832 F.2d at 275. Later, it learned that the defendant had discovered a defect in the type of machinery that it had previously purchased. The discovery occurred after the purchase but before the incident giving rise to the suit. Island Creek sought to amend its complaint to allege a separate claim asserting that the defendant had a continuing duty to warn of a discovered defect and had negligently failed to provide a warning. 832 F.2d at 276. We held that the district court improperly denied the motion to amend the pleadings because its decision had denied Island Creek's right to prove breach of the duty to warn. A necessary predicate to this conclusion is the ruling by implication that the claim of breach of duty to warn was not encompassed in Island Creek's previously pled negligence claim.
 
 
 10
 Unlike the plaintiff in Island Creek Coal Co., Buck did not move to amend its complaint to plead a breach of the duty to warn. We conclude that Island Creek Coal Co. affords precedent for the necessity of pleading breach of the duty to warn. Consequently, the district court did not abuse its discretion in excluding the Michigan complaint.
 
 III
 
 11
 There is a second reason for sustaining the district court's exercise of discretion in excluding the Michigan complaint. The offer of proof required by Federal Rule of Evidence 103(a)(2) is insufficient. To establish the admissibility of the Michigan complaint, Buck had to show that it was relevant. Fed.R.Evid. 401. To show relevance, Buck had to show that the facts and circumstances of the Michigan accident were closely or substantially similar to the accident that injured Buck's employee. Johnson v. Ford Motor Co., 988 F.2d 573, 579 (5th Cir.1993); Rye v. Black & Decker Mfg. Co., 889 F.2d 100, 102 (6th Cir.1989); accord General Motors Corp., 237 Va. at 520-21, 379 S.E.2d at 314.
 
 
 12
 The Michigan case was settled, and Buck offered only the complaint, which alleged negligent design and manufacture of a forklift and breach of the duty to warn. The model number of the Crown forklift involved in the present case is 30 WBTT. The model number of the forklift involved in the Michigan case was 25 WBTL. Buck offered no evidence that the different models were similar except that they were both forklifts. The record does not disclose whether the safety controls were similar. Whether the alleged defect claimed in the Buck accident was the same as the defect that allegedly caused the Michigan accident is not shown. Buck complained that the forklift jumped back and forth against its employee when he was pinned against the pole and that he was unable to stop the machine. There is no similar allegation in the Michigan complaint.
 
 
 13
 Because the Michigan complaint did not allege defects and circumstances substantially similar to those in the case before us, the district court did not abuse its discretion by excluding the complaint.
 
 AFFIRMED