COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


DIANE L. HUGHES
                                     MEMORANDUM OPINION[*] BY
v.          Record No. 0258-95-2      JUDGE LARRY G. ELDER
                                          MARCH 5, 1996
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                     Charles L. McCormick, III, Judge


               Buddy A. Ward, Public Defender, for appellant.

               Eugene Murphy, Assistant Attorney General
               (James S. Gilmore, III, Attorney General, on
               brief), for appellee.


     Diane Hughes (appellant) appeals her three convictions for

misdemeanor child neglect in violation of Code § 18.2-371.

Appellant raises five arguments on appeal:  (1) the trial court

improperly allowed a police officer to testify about out-of-court

statements made by third-party Macie Faulkner; (2) the trial

court improperly admitted Child Protective Services (CPS) reports

concerning appellant's children, as an exception to the hearsay

rule; (3) the trial court improperly admitted CPS reports

concerning third-party Macie Faulkner, as an exception to the

hearsay rule; (4) the trial court improperly admitted hearsay

statements made by one of appellant's children concerning drug

paraphernalia; and (5) the evidence failed to prove misdemeanor

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

child neglect.  For the following reasons, we affirm appellant's convictions.

First, assuming without deciding that the trial court erred in reaching the conclusion that Macie Faulkner was unavailable, we hold that such error was harmless, as other credible evidence corroborated the most relevant portions of Faulkner's statements.  See Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991)(en banc)(holding non-constitutional error is harmless where it plainly appears from the facts and circumstances that the error did not affect the verdict).  For example, Officer Pulliam testified that he himself discovered the three children in the street in the custody of the two stangers to whom Faulkner had given them.  Furthermore, appellant admitted to CPS that she paid Faulkner to care for her children on February 14, 1994.

Next, appellant contends that the trial court erred in permitting Sylvia Bailey to testify about CPS reports concerning Macie Faulkner.  Over appellant's objection on the grounds of relevancy, the trial court allowed Bailey to testify that there were three founded cases of abuse and three "reason to suspect cases" of abuse lodged against Faulkner.  We hold that the trial court erred in allowing such testimony because it was irrelevant.  The Commonwealth failed to introduce any evidence showing that appellant knew of the child abuse allegations concerning Faulkner.  Therefore, the information contained in the reports

pertaining to Faulkner had no bearing upon whether appellant attempted to provide appropriate care for her children. Nevertheless, we hold that the trial court's error was harmless because the remaining credible evidence in the case clearly proved appellant neglected her children. See Lavinder, supra.

Third, we hold that the trial court did not err in allowing the CPS reports concerning appellant and her children to be admitted under the business records exception to the hearsay rule. See Frye v. Commonwealth, 231 Va. 370, 387, 345 S.E.2d 267, 279 (1986). This Court has previously explained the business records exception. See, e.g., Tickel v. Commonwealth, 11 Va. App. 558, 565, 400 S.E.2d 534, 538 (1991).

> "Admission of [business record] evidence is conditioned . . . on proof that the document comes from the proper custodian and that it is a record kept in the ordinary course of business made contemporaneously with the event by persons having the duty to keep a true record."

Kettler & Scott, Inc. v. Earth Technology Cos., Inc., 248 Va. 450, 457, 449 S.E.2d 782, 786 (1994)(citation omitted). "This approach 'necessarily requires that a determination as to admissibility be made on the facts of each case.'" Id. (citation omitted).

The trial court did not err in allowing Bailey to testify about information contained in the CPS reports. Bailey testified that she was the custodian of the CPS reports. The evidence proved that the CPS records were kept in the regular course of

3

business. The trial court necessarily found that Bailey, as custodian, was permitted to read the reports entered by Vaughan and Medly, who no longer worked for CPS as child protective service workers, because they had concurrently prepared the reports pursuant to their duty to do so. See Ford Motor Co. v. Phelps, 239 Va. 272, 275-76, 389 S.E.2d 454, 457 (1990).

Fourth, appellant argues that the trial court erred in allowing Gerard Lawson to testify as to certain statements made by appellant's five year old son regarding a drug display, as such testimony was hearsay. See Patty v. Commonwealth, 218 Va. 150, 235 S.E.2d 437 (1977), cert. denied, 434 U.S. 1010 (1978); Clark v. Commonwealth, 14 Va. App. 1068, 1070, 421 S.E.2d 28, 30 (1992). Assuming without deciding that testimony about the child's reactions to the drug display constituted inadmissible hearsay, we hold that the testimony was harmless in light of the remaining evidence which proved the charges beyond a reasonable doubt. See Lavinder, supra.

Lastly, "[w]hen sufficiency of the evidence is at issue on appeal, the evidence must be viewed in the light most favorable to the Commonwealth, and the evidence must be accorded all reasonable inferences deducible therefrom." Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). The trial court's judgment will not be reversed unless it is plainly wrong or without evidence to support it. Code § 8.01-680; Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520,

4

524 (1993).

We hold that the evidence proved beyond a reasonable doubt three counts of misdemeanor child abuse or neglect in violation of Code § 18.2-371. In order to prove the charges, the Commonwealth had to demonstrate abuse or neglect as described in Code § 16.1-228. This section provides in part that abuse or neglect occurs when a parent "creates or inflicts . . . or allows to be created or inflicted upon such child a physical or mental injury by other than accidental means, or creates a substantial risk of death, disfigurement or impairment of bodily or mental functions." Code § 16.1-228. A parent also abuses or neglects a child when that parent neglects or refuses to provide care necessary for the child's health; abandons the child; is unreasonably absent from the child; or lacks the mental or physical capacity to provide care for the child. Code § 16.1-228.

The evidence viewed in the light most favorable to the Commonwealth established that appellant's three children, ages three, four, and five, were found outside at 11:30 p.m. on February 14, 1994, in twenty-seven degree weather by Officer Pulliam. The children were placed in foster care and described by the foster parent as wearing dirty clothing and having a "very bad odor." The foster parent testified that it took three days to stabilize the children's diets. There was testimony that on more than ten occasions, appellant did not pick up her children

5

from school as scheduled or failed to be home when the children were scheduled to be returned to her. There was further evidence that one child had a broken leg when he was one month old; that appellant sold her food stamps; that there was inadequate food in the home; and that appellant used cocaine.

For the foregoing reasons, we affirm appellant's convictions.

<u>Affirmed.</u>