COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Annunziata and
      Bumgardner
Argued at Alexandria, Virginia


CARRIE CLARKE COLLEY

                                  MEMORANDUM OPINION[*] BY
v.    Record No. 0675-97-4        JUDGE ROSEMARIE ANNUNZIATA
                                      FEBRUARY 17, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                   Carleton Penn, Judge Designate

          Elwood Earl Sanders, Jr., Director
          Capital/Appellate Services (Laura A. Cook,
          Assistant Public Defender; Public Defender
          Commission, on briefs), for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Richard Cullen, Attorney General;
          Leah A. Darron, Assistant Attorney General,
          on brief), for appellee.



     Carrie Clarke Colley (appellant) was tried without a jury in

the Circuit Court of Fauquier County on two felony charges:

grand larceny and credit card theft in violation of Code

§ 18.2-192. She was convicted of petit larceny and the felony

credit card theft offense and sentenced to serve one year and

nine months in prison on the credit card conviction and 60 days

in jail on the larceny, all but five months and 29 days

suspended.

     On appeal, appellant contends that the trial court abused

its discretion by admitting into evidence a credit card

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

transaction record and carbon copies of two of the actual transaction receipts, claiming the business records foundation for their admissibility was not properly laid. She also contends the evidence was not sufficient to support the convictions.

After a night of drinking, Cheryl Frazier (Cheryl) left her purse, containing her credit card, in appellant's car. Without authorization, appellant made several charges on Cheryl's credit card. After Cheryl contacted the credit card company, she learned that transactions had been made on the card. Cheryl's mother, Marianne Frazier (Marianne), who was the only other authorized user on the account, requested a summary of the transactions on the account from the credit card company and authorized the release of the summary to the police.

At trial, Cheryl and Marianne reviewed Commonwealth Exhibits 1A-1D and testified they did not make the transactions listed for March 21, 1996 and that they did not give permission for anyone else to use the card. Exhibits 1C and 1D were computer printouts of the transactions on the account. The printout showed three charges and three declined charges because the credit card was over the charge limit. The investigating officer obtained carbon copies of two service station receipts listed on the transaction reports which were offered into evidence as Exhibit 1A and Exhibit 1B. The investigator's attempts to retrieve the original receipts from an out-of-state warehouse where they were stored were unsuccessful. The results of a handwriting analysis of

appellant's handwriting were "inconclusive."

The appellant objected to the introduction of Exhibits 1A-1D on the grounds that the exhibits were hearsay and that they had been prepared at the investigator's request rather than in the ordinary course of business. The court ruled that the prosecution had "shown a circumstantial guarantee of trustworthiness with respect to the four documents and receive[d] them into evidence."

I.

Business Records Exception

Whether the computer records and receipts are admissible is a question governed by established rules governing the admissibility of hearsay. The Supreme Court of Virginia has employed the business records exception to the hearsay rule in assessing the admissibility of such documents. Fitzhugh v. Commonwealth, 20 Va. App. 275, 280, 456 S.E.2d 163, 165 (1995); see Kettler & Scott, Inc. v. Earth Tech Cos., 248 Va. 450, 457, 449 S.E.2d 782, 785 (1994). Admission is conditioned upon proof that the record is kept by a proper custodian and that it is a record kept in the ordinary course of business made contemporaneously with the event by persons having a duty to keep a true record. Kettler & Scott, 248 Va. at 457, 449 S.E.2d at 786 (citing Automatic Sprinkler Corp. v. Coley & Peterson, Inc., 219 Va. 781, 793, 250 S.E.2d 765, 773 (1979)); Simpson v. Commonwealth, 227 Va. 557, 567, 318 S.E.2d 386, 392 (1984); Ford

3

Motor Co. v. Phelps, 239 Va. 272, 276, 389 S.E.2d 454, 457 (1990); see 2 Charles E. Friend, The Law of Evidence in Virginia 135 (1993).

Assuming without deciding that the exhibits constitute hearsay, we find their admission to be harmless. Under the standard of harmlessness for non-constitutional error,

> a criminal conviction must be reversed unless "it plainly appears from the record and the evidence given at trial" that the error did not affect the verdict. An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678).

Where the other evidence of guilt is overwhelming, and the content of the hearsay statement is clearly established by other evidence, admission of hearsay is harmless. McDonnough v. Commonwealth, 25 Va. App. 120, 132-33, 486 S.E.2d 570, 575-76 (1997). The testimony of both Cheryl and Marianne Frazier, received without objection, established that the credit card was taken without their consent on the date in question. Circumstantial evidence established appellant's involvement with the "taking." The element of intent to use the card without the owner's authorization, was also established by their testimony as well as the admissions of the appellant herself that she used the

4

card.[1]  In the context of all the evidence, the computer records were of marginal evidentiary value, and their admission was harmless.  Strohecker v. Commonwealth, 23 Va. App. 242, 253-54, 475 S.E.2d 844, 850 (1996).

## II.

### Sufficiency of the Evidence

Addressing the sufficiency of the evidence issue, we find appellant's contention that the evidence was in conflict and therefore insufficient to sustain her conviction beyond a reasonable doubt is without merit.  Where the sufficiency of the evidence is challenged on appeal, this Court must consider all the evidence and any reasonable inferences fairly deducible from it in the light most favorable to the Commonwealth.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975); Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).  A trial court's judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.  Stockton v. Commonwealth, 227 Va. 124, 145-46, 314 S.E.2d 371, 385 (1984).  In addition, the credibility of witnesses, and the weight assigned their testimony are matters exclusively

---

[1] Appellant contends that the admission of the exhibits was not harmless because the court relied on the documents to corroborate Cheryl's testimony that she would not have used the card because it was over the credit limit.  This fact only went to establish the unauthorized use of the card, which was well established by other evidence.  The court did not, as appellant argues, use this corroboration as evidence that Cheryl was generally a credible witness.

5

within the province of the trier of fact.  Coppola v. Commonwealth, 220 Va. 243, 252, 257 S.E.2d 797, 803 (1979).  The contention that inconsistencies in the testimony are sufficient to attenuate the evidence on the issue of appellant's guilt was addressed by this Court in Swanson v. Commonwealth, 8 Va. App. 376, 379, 382 S.E.2d 258, 259 (1989):

> When the law says that it is for the trier of fact to judge the credibility of a witness, the issue is not a matter of degree.  So long as a witness deposes as to facts which, if true, are sufficient to maintain their verdict, then the fact that the witness' credit is impeached by contrary statements affects only the witness' credibility . . . [and] the weight and sufficiency of the testimony.  If the trier of the facts sees fit to base the verdict upon that testimony there can be no relief in the appellate court.

See also Singleton v. Commonwealth, 19 Va. App. 728, 735-36, 453 S.E.2d 921, 926 (1995) (explaining that conflicts in the evidence do not undermine the sufficiency of the evidence unless the evidence is inherently incredible).

In this case, Cheryl testified that she placed her purse, containing $80, her wallet and her credit card, under the seat in appellant's car, locked the door and entered the hotel room with appellant.  Upon awakening, appellant and her car were gone.  Appellant admitted having Cheryl's purse and asked to meet half-way to return it.  Marianne testified that appellant admitted to using the credit card and that she could not return the purse, but that she wished to make restitution for the loss

6

when she received her paycheck.  The trier of fact was free to disbelieve appellant's denial of her involvement in the two offenses.  See Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980) (per curiam).  The trial court credited the testimony of Cheryl and Marianne, whose evidence was sufficient to support the convictions beyond a reasonable doubt.

For the foregoing reasons, we affirm.

Affirmed.