## CIRCUIT COURT OF FAIRFAX COUNTY

Van Slyke

v.

Sunterra Corp. et al.

March 21, 2001

Case No. (Law) 183382

BY JUDGE R. TERRENCE NEY

This matter comes before the Court on Defendants' Motion *in Limine*.

This case arises from personal injuries the Plaintiff allegedly sustained on December 8, 1997, while using a steam shower at the Powhatan Plantation in Williamsburg, Virginia. On September 22, 1999, the Plaintiff filed a Motion for Judgment claiming damages resulting from the Defendants' alleged negligence and breach of warranty.

Subsequent to the Plaintiff's alleged injury, the use of the same steam shower allegedly resulted in injuries to another user. In their Motion *in Limine*, Defendants seek to prevent the disclosure at trial of this subsequent incident. Defendants argue that, in Virginia, it is well settled that the similar incident may not be used at trial unless it falls into a narrow exception to that rule which is not present here. *See Ford Motor Co. v. Phelps*, 239 Va. 272, 389 S.E.2d 454 (1990).

It is well settled in Virginia that proof of similar complaints for the purposes of corroboration of the plaintiff's claim are inadmissible. *General Motors Corp. v. Lupica*, 237 Va. 516, 379 S.E.2d 311 (1989); *Ford Motor Co. v. Phelps*, 239 Va. 272, 389 S.E.2d 454 (1990). The exception to this rule is that such evidence will be received to establish that the defendant had notice and actual knowledge of a defective condition, provided the *prior* incident

occurred under substantially the same circumstances and had been caused by the same or similar defects as those in issue. *Phelps* at 276. For the purposes of this opinion, it is assumed that the subsequent incident in this case "occurred under substantially the same circumstances" and was caused by the same defect complained of here.

Here, the [same or similar] incident occurred *after* the incident complained of by the plaintiff. Unfortunately, there is a dearth, if not an outright absence, of authority as to an after occurring incident. Notwithstanding, the Court of Appeals of Georgia has, at least tangentially to the precise issue presented here, considered the matter. Addressing the question as to whether proof of subsequent remedial measures may be introduced in a negligence action — as in Virginia such proof may not be offered — the court recognized an exception to the general rule. The evidence may be admitted:

> when the subsequent repair . . . tends to prove some fact of the case . . . to show . . . a rebuttal of a contention that it was impossible for the accident to happen in the manner claimed. . . .

*General Motors Corp. v. Moseley*, 213 Ga. App. 875, 882, 447 S.E.2d 302, 309 (1994).[1] Obviously, the issue in this case has nothing to do with remedial work. And, as stated, it is assumed for the purposes of this decision that the subsequent incident happened in the same manner with the same equipment and to a person with substantially the same disability as the plaintiff here. If it did not, then there is no admissibility question to be even addressed. But again, assuming that it did, then it seems only logical that if the defendants offer expert testimony and evidence that the product in question could not possibly have caused such an incident or injury, then the plaintiff should be allowed to rebut that contention with evidence that a substantially similar incident later occurred. If the defendants do not offer such evidence then, again, the issue is not reached. Evidence of a similar incident, whether prior or later, is not admissible in order to corroborate a defect in the product

---

[1] The *Moseley* decision was later described as addressing the question of "the admissibility of evidence of similar or subsequent acts which tend to show contemporary knowledge of a defect, causation, *or to rebut a defense claim of physical impossibility.*" *Uniroyal Goodrich Tire Co. v. Ford*, 218 Ga. App. 248, 265, 461 S.E.2d 877, 891 (1995), (emphasis added) (McMurry, Presiding Judge, dissenting on other grounds). The italicized circumstance is the situation asserted by the Plaintiff here.

complained of. *Ford Motor Co. v. Phelps*, 239 Va. 272, 389 S.E.2d 454 (1990).

As such evidence is in the nature of rebuttal, it may not be referred to by Plaintiff's counsel in opening argument. Further, if such evidence is offered by the plaintiff, then the jury must be instructed that it is offered to rebut the proposition that such an incident could not occur, as opposed to being offered to corroborate the main point at issue, namely that the product used here was unsafe.

Accordingly, the Defendants' Motion *in Limine* to prevent at trial the introduction of evidence as to the subsequent incident is denied with respect to prohibiting its introduction altogether. However, the Court conditions the introduction of such evidence for rebuttal or for cross-examination or for impeachment purposes. Hence, the Plaintiff will not be permitted to refer to this similar subsequent incident in opening remarks. Finally, as stated, an explanatory jury instruction will be required if the plaintiff, in fact, offers such evidence.