COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


JAMES DAVID SPARKS, a/k/a
 JAMES D. SPARKS
                                        OPINION BY
v.         Record No. 0452-96-3    JUDGE SAM W. COLEMAN III
                                        MARCH 4, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
              Willis A. Woods, Judge Designate

          Joseph F. Dene (Dene & Dene, on brief), for
          appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     The issue presented in this appeal from two convictions of

obtaining money by false pretenses is whether the trial court

erred by admitting into evidence certain bank records under the

business records exception to the hearsay rule. Specifically,

the question is whether the bank's vice-president, who had

general supervisory authority over bank personnel but no direct

supervision over the persons responsible for preparing or

maintaining the bank's records, was a person who could

authenticate the bank's records. We hold that the trial judge

did not err by admitting the bank records into evidence.

Accordingly, we affirm the appellant's convictions.

     James Sparks, the appellant, was convicted on two counts of

obtaining money by false pretenses in violation of Code

§ 18.2-178. The evidence proved that on two separate occasions

the appellant presented checks at a local grocery store that purported to be payroll checks drawn on S & S Salvage Company's account. Both checks were made payable to the appellant and purported to have been signed by an Edward Sparks. The store cashed both checks. The checks were subsequently returned by First Union Bank because the account upon which they were drawn had been closed.

At trial, Karen Emanuelson, the vice-president of corporate security for First Union Bank, offered as evidence copies of several bank documents, including a deposit slip for the S & S Salvage account, a signature card for the account, a First Union form giving authority to open a business account to an unincorporated individual, and a W-9 federal tax form. The appellant objected to the admission of the documents on the ground that they had not been properly authenticated. He argued that Ms. Emanuelson was neither the custodian of the documents nor the supervisor of the custodian of the documents as required by the modern "shopbook" rule and Code § 8.01-391. After a voir dire of Ms. Emanuelson to determine her knowledge of and access to the records, the trial judge ruled that the documents were admissible.

Virginia follows the modern "shopbook" rule or business records exception to the hearsay rule, which allows introduction "into evidence of verified regular [business] entries without requiring proof from the original observers or record keepers."

<u>Neeley v. Johnson</u>, 215 Va. 565, 571, 211 S.E.2d 100, 106 (1975). If the records are kept in the normal course of business and are relied upon in the transaction of the business by the entity for which they are kept, then they have a certain guarantee of trustworthiness and reliability. <u>"Automatic" Sprinkler Corp. v. Coley & Peterson, Inc.</u>, 219 Va. 781, 792, 250 S.E.2d 765, 773 (1979); <u>Hooker v. Commonwealth</u>, 14 Va. App. 454, 456, 418 S.E.2d 343, 344 (1992). "Admission of such evidence is conditioned, therefore, on proof that the document comes from the proper custodian and that it is a record kept in the ordinary course of business made contemporaneously with the event by persons having the duty to keep a true record." <u>"Automatic" Sprinkler</u>, 219 Va. at 793, 250 S.E.2d at 773; <u>see also</u> <u>Kettler & Scott, Inc. v. Earth Tech. Cos.</u>, 248 Va. 450, 457, 449 S.E.2d 782, 786 (1994). In order to admit a business record into evidence, it must be "verified by testimony of the [entrant of the record] or of a superior who testifies to the regular course of business." <u>Ford Motor Co. v. Phelps</u>, 239 Va. 272, 276, 389 S.E.2d 454, 457 (1990); <u>see also</u> Charles E. Friend, <u>The Law of Evidence in Virginia</u> § 18-13 (4th ed. 1993). Similarly, a copy of a business record is admissible "provided that such copy is satisfactorily identified and authenticated as a true copy by a custodian of such record or by the person to whom said custodian reports, if they be different, and is accompanied by a certificate that said person does in fact have custody." Code § 8.01-391.

The facts in this case, as they relate to the qualifications of the witness to authenticate the bank's records, are strikingly similar to the facts in French v. Virginian Ry. Co., 121 Va. 383, 93 S.E. 585 (1917). We find that the holding in French controls our holding here. In French, the defendant attempted to introduce a railroad company's records showing the times of its trains' arrivals and departures. Instead of calling as a witness the railroad's dispatcher in whose office the records were made and kept, the defendant called a claims adjuster, who worked for the railroad company in its division office. Id. at 385, 93 S.E. at 585. The Virginia Supreme Court held that, even though the records preferably should have been authenticated by the dispatcher, "failure to do so affects, not their admissibility, but their credibility, and the vital question is, not by whom they were proved, but whether or not they were the original [documents]." Id. at 387, 93 S.E. at 586. The Court held that the railroad's records were admissible because the claims adjuster testified that he had access to all of the railroad's records, that the arrival and departure records were the original records entered in the regular course of the railroad's business, and that he obtained them from the place where they were properly kept in custody. Id.

At trial in the instant case, Ms. Emanuelson testified that the bank's records at issue here were kept in the regular course of the bank's business. She testified that her job as

- 4 -

vice-president of corporate security involved gathering documentation from the bank's records whenever the bank suffered a non-credit loss. She testified that the bank's records are stored at the Roanoke service center and that no one individual is the custodian in charge of the records. As a vice-president, she has access to all records stored at the service center. She can personally retrieve documents or have someone at the service center pull the records and send them to her. She is not, however, the immediate supervisor of the employees at the service center.

After Ms. Emanuelson demonstrated her knowledge of how the bank maintains its records and testified that she has access to those records, she further testified that the challenged documents were prepared at the Grundy branch bank by a bank employee and were then sent by courier to the Roanoke service center. She testified that deposit slips are microfilmed as soon as they reach the service center; the originals are destroyed, and the film is kept for seven years. Ms. Emanuelson testified that she went to the service center and personally made copies of the originals of the documents that were offered into evidence.

Ms. Emanuelson's demonstrated knowledge of how the bank's records were maintained in the regular course of its business and her testimony that she had access to the records established the trustworthiness and reliability of the bank's records, which are the cornerstones of the business records exception to the hearsay

rule and Code § 8.01-391(D).  Therefore, we uphold the ruling of the trial court and affirm the convictions.

_Affirmed._
