COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


JAMES EARL JACKSON
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1212-97-4    JUDGE NELSON T. OVERTON
                                           OCTOBER 6, 1998
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        J. Howe Brown, Judge

            Mandy M. Petrocelli, Assistant Public
            Defender (Kristi A. Middleton, Assistant
            Public Defender, on brief), for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     James Earl Jackson (defendant) appeals his conviction for

grand larceny, in violation of Code § 18.2-95(2).  He contends

the evidence was insufficient to establish the value of the

women's clothing taken from a J.C. Penney department store.

Because we hold that the evidence was sufficient, we affirm.

     The parties are fully conversant with the facts in the case

and because this memorandum opinion carries no precedental value,

no recitation of the facts is necessary.

     We will reverse defendant's conviction only if it is plainly

wrong or without support in the evidence.  See Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Defendant contends the trial court erroneously relied upon the

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

testimony of two of J.C. Penney's loss prevention officers to substantiate the value of the goods taken. He claims that the officers did not have any independent knowledge of the value of the goods and thus, they were unable to credibly testify to their value. He asserts that the officers should not have used the price tags from identical clothing to calculate the value of the clothing he stole because those tags were hearsay.

"The value of the stolen property is measured as of the time of the theft, and the original purchase price may be admitted as evidence of its current value." Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997). "[T]he general rule is that opinion testimony of a nonexpert, who is not the owner of the personal property in question, is admissible upon the subject of property value, provided the witness possesses sufficient knowledge of the value of the property or has had ample opportunity for forming a correct opinion as to value." Walls v. Commonwealth, 248 Va. 480, 483, 450 S.E.2d 363, 365 (1994). In the instant matter, the officers took identical items of clothing, photographed them, recorded their prices and calculated their value to be over one thousand dollars. Unlike the television sets in Walls, the items stolen were for sale and bore price tags indicating their value. We hold that the actions taken by J.C. Penney's loss prevention officers gave them sufficient knowledge to establish the value of the stolen merchandise, and their testimony was reliable and sufficient for

that purpose.

Defendant's second argument, that the price tags themselves were inadmissable hearsay, is easily disposed of.  It is true that the price tags were out-of-court statements offered in court for the truth of the matter asserted therein.  Therefore, the tags were hearsay.  See, e.g., C. Friend, The Law of Evidence in Virginia § 18-1 (4th ed. 1993).  However, the hearsay rule has many exceptions including the business records, or "Modern Shopbook," exception.

The business records exception provides that "'verified regular entries may be admitted into evidence without requiring proof from the regular observers or record keepers,' generally limiting admission of such evidence to 'facts or events within the personal knowledge of the recorder.'"  Kettler & Scott v. Earth Technology Cos., 248 Va. 450, 457, 449 S.E.2d 782, 785 (1994) (quoting "Automatic" Sprinkler Corp. v. Coley & Peterson, Inc., 219 Va. 781, 792, 250 S.E.2d 765, 773 (1979)).  To satisfy the exception, the one offering hearsay must provide "proof that the document comes from the proper custodian and that it is a record kept in the ordinary course of business made contemporaneously with the event by persons having the duty to keep a true record."  "Automatic" Sprinkler, 219 Va. at 793, 250 S.E.2d at 773.

The price tags at issue clearly fall within the exception. J.C. Penney's loss prevention officers testified that the price

tags arrive at the store attached to the merchandise. The tags were placed on the merchandise in the ordinary course of business by an employee of J.C. Penney at the time their price was determined. The purpose of the tags is to record the value of merchandise and track its sale. The tags are used by customers and cashiers to indicate the price of the goods for sale and are collected when the items are sold.

The actual recorder of the business record or the recorder's supervisor need not testify in court as long as the witness is someone who had access to the records and obtained them from the place where they were properly kept in custody. See Sparks v. Commonwealth, 24 Va. App. 279, 283, 482 S.E.2d 69, 71 (1997) (citing French v. Virginian Ry. Co., 121 Va. 383, 387, 93 S.E. 585, 586 (1917)). In the instant matter, the loss prevention officers had access to the tags in the place where they were properly kept and the tags were taken from identical clothing items, meaning that the items taken bore identical tags and prices. In these circumstances, the tags fell within the business records exception to the hearsay rule and were admissible.

Because the testimony of the officers was admissible and sufficient to show the value of the stolen merchandise, defendant's conviction is affirmed.

Affirmed.