COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judges Kelsey and Huff
Argued at Chesapeake, Virginia


FREDERICK EDWARD MITCHELL

                                                          MEMORANDUM OPINION[*] BY
v.       Record No. 2223-10-1                     JUDGE D. ARTHUR KELSEY
                                                          NOVEMBER 15, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Michael Rosenberg (Richardson and Rosenberg, LLC, on brief),
for appellant.

Gregory W. Franklin, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


A jury convicted Frederick Edward Mitchell of obtaining money by false pretenses and

attempting to do so.  On appeal, Mitchell contends the trial court erred in admitting testimony

concerning computerized credit union records pursuant to the business records exception to the

hearsay rule.  We disagree and affirm.

I.

Mitchell had a checking account with the Navy Federal Credit Union.  On January 15,

2010, Mitchell and a young woman, later identified as Tanisha Reeves, twice visited the County

Street branch in Portsmouth.  On the first visit, he presented a check for $900 made payable to

him upon the Wachovia bank account of Reeves.  Mitchell received $700 in cash and deposited

$200 into his credit union checking account.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On the second visit, later that day, Mitchell presented a check for $700 payable to him upon the Wachovia bank account of Reeves. The teller questioned the validity of the check, investigated, and learned Wachovia had closed Reeves's account. Cynthia Brown, the County Street branch supervisor for Navy Federal Credit Union, refused to deposit the check and demanded that Mitchell return the $700 from the transaction earlier in the day.

The branch supervisor also accessed the Navy Federal Credit Union's "information sharing system" that provided common access to computerized databases and facilitated transferring of information "between the different branches." App. at 36. At trial, the supervisor explained that the County Street branch "as well as the other branches, regularly rely on the information on that system to do their business." Id. at 37-38. A customer's records, she testified, are accessible only by using the "access number" or "unique identifier" associated with each particular customer. Id. at 38. The computer records include notations and the customer's transaction history going back thirty to sixty days.

When the supervisor accessed Mitchell's account, the computer record showed that, on January 15, between the two visits to the County Street branch, Mitchell also visited the Janaf branch of the Navy Federal Credit Union in Norfolk. The computer record stated Michell attempted to cash an invalid check for $750 from a Wachovia account. The Janaf branch refused to accept the check. At trial, Mitchell's counsel objected to the supervisor's testimony concerning the Janaf branch transaction, arguing "there's no foundation for a business record exception here. We don't have a custodian of records to testify." Id. at 37. The trial court found the foundation adequate and overruled the objection.

II.

On appeal, Mitchell challenges the trial court's decision to admit, over his objection, the supervisor's testimony reciting the computer record of Mitchell's transaction at the Janaf branch

of the credit union. He argues the supervisor failed to provide an adequate foundation for the application of the business records exception to the hearsay rule. We disagree.

As we recently held, "[w]hether an adequate foundation has been laid for a hearsay exception involves an exercise of discretion by the trial court." Joyce v. Commonwealth, 56 Va. App. 646, 663, 696 S.E.2d 237, 245 (2010) (citing Abney v. Commonwealth, 51 Va. App. 337, 347, 657 S.E.2d 796, 801 (2008)). "We do not review foundation issues *de novo* but rather under the deferential abuse-of-discretion standard of review." Id. (citation omitted). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Id. (quoting Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting in parenthetical Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (2005))).

With respect to computer records, "when the argument has been advanced that they are inadmissible hearsay, we have employed the traditional business records exception to the hearsay rule." Kettler & Scott, Inc. v. Earth Tech. Cos., 248 Va. 450, 457, 449 S.E.2d 782, 785 (1994) (citation omitted). The exception does not require "proof from the original observers or record keepers." Smith v. Commonwealth, 280 Va. 178, 183, 694 S.E.2d 578, 580 (2010) (citation omitted). A sufficient foundation may be established by "the testimony of the custodian *or other qualified witness*, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." A Guide to Evidence in Virginia § 803(6), at 102 (2011) (emphasis added). "The final test is whether the documents sought to be introduced are the type of records which are relied upon by those who prepare them or for whom they are prepared." Smith, 280 Va. at 184, 694 S.E.2d at 580 (quoting McDowell v. Commonwealth, 273 Va. 431, 435, 641 S.E.2d 507, 509 (2007)).

On several occasions, we have applied these principles to computer records. In Lee v. Commonwealth, 28 Va. App. 571, 507 S.E.2d 629 (1998), a fraud investigator "testified from the

business record generated by the computer and displayed on the terminal which he observed."

Id. at 577, 507 S.E.2d at 632.  We noted that a computer merely

> decodes electronic records, converts them into a format understood
> by users and either prints them or displays them on a terminal.  A
> person who can verify that the business records are authentic can
> present the evidence by testifying about what he saw displayed or
> by presenting a printed copy of the display.  Either form is
> admissible as a business records exception to the hearsay rule.

Id.  For foundation purposes, it is enough that the witness "had knowledge of how the records were compiled and maintained" and had "access to those records as an integral part of his responsibilities."  McDowell v. Commonwealth, 48 Va. App. 104, 108-09, 628 S.E.2d 542, 545 (2006) (quoting Lee, 28 Va. App. at 576, 507 S.E.2d at 629), aff'd, 273 Va. 431, 641 S.E.2d 507 (2007); see also Cooper v. Commonwealth, 54 Va. App. 558, 568, 680 S.E.2d 361, 366 (2009); Midkiff v. Commonwealth, 54 Va. App. 323, 338, 678 S.E.2d 287, 295 (2009).

Governed by these principles, the trial court did not abuse its discretion in finding the credit union branch supervisor to be a "qualified witness," A Guide to Evidence in Virginia § 803(6), at 102, for purposes of authenticating the computer record of Mitchell's account.  As we held in a similar context, someone with "general supervisory authority over bank personnel but no direct supervision over the persons responsible for preparing or maintaining the bank's records, was a person who could authenticate the bank's records."  Sparks v. Commonwealth, 24 Va. App. 279, 281, 482 S.E.2d 69, 70 (1997).

The branch supervisor testified that the credit union maintained the information sharing system in the regular course of its business.  She had access to the computer system, which shared information to all branches of Navy Federal Credit Union.  The credit union assigned each customer, including Mitchell, a unique identifier for the purpose of inputting information into the system.  These circumstances provided a sufficient foundation for the admission of the supervisor's testimony about Mitchell's account on the computer system.  In short, her testimony

passes the "final test" — a simple showing that "the documents sought to be introduced are the type of records which are relied upon by those who prepare them or for whom they are prepared." Smith, 280 Va. at 184, 694 S.E.2d at 580 (citation omitted).

## III.

The trial court did not abuse its discretion in admitting the supervisor's testimony about the credit union's computer records pursuant to the business records exception to the hearsay rule.[1] We thus affirm Mitchell's convictions.

Affirmed.

---

[1] The Commonwealth argues that, even if the trial court erred, it would at best amount to harmless error, given the other incriminating evidence presented at trial. Given our holding, however, we need not address this issue. See generally Kirby v. Commonwealth, 50 Va. App. 691, 698-99, 653 S.E.2d 600, 603-04 (2007) (summarizing harmless error standard for nonstructural trial error). For the same reason, we limit our recitation of the facts to the evidentiary subset of the trial court record relevant to the argument raised on appeal.