UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and O'Brien
Argued at Norfolk, Virginia


KING DAVID MANNING, JR.

MEMORANDUM OPINION[*] BY
v.      Record No. 0091-16-1       JUDGE MARY GRACE O'BRIEN
JANUARY 31, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

J. Christian Obenshain, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


King David Manning ("appellant") was convicted in a bench trial of statutory burglary, in

violation of Code § 18.2-91; grand larceny, in violation of Code § 18.2-95; and sale of stolen

property, in violation of Code § 18.2-108.01. Appellant asserts the following assignment of error:

> The trial court erred in admitting documentary evidence (C-5 and 6)
> reflecting a purchase of two items purportedly from the Defendant by
> Cash Converters . . . on January 26, 2012, such evidence being
> offered for the truth of the assertion without a proper foundation
> establishing the documents['] admissibility under any recognized
> exception to the hearsay rule.

Finding no error, we affirm.

## I. FACTUAL BACKGROUND

On the morning of January 26, 2012, Charles and Andrea McCrae left their residence. Their

adult son, who lived with them, departed sometime thereafter, but returned home at approximately

1:00 p.m. to find that the back door to the house had been damaged and various items from inside

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the home were missing. The stolen property included two laptop computers, a video game system, and a Kindle. Later, Mrs. McCrae realized that a camera and an iPod also were missing. The iPod was taken from a jewelry box in her bedroom.

Mrs. McCrae advised the police that she suspected appellant may have broken into their home and stolen their property. Appellant, the father of the McCraes' grandchildren, lived in the McCrae residence for approximately six months in 2008, until they asked him to leave. During that time, he took items from the same jewelry box where the iPod was kept, but returned them to Mrs. McCrae when she confronted him.

Detective W.P. Caracci reviewed a database containing records of pawn sales for the City of Norfolk. He discovered that appellant sold a Kindle and a digital camera to Cash Converters in Norfolk at 4:30 p.m. on January 26, 2012. He also learned that appellant pawned a laptop computer at another store at 5:25 p.m. on the same day. After Mr. and Mrs. McCrae identified the recovered items, the detective obtained arrest warrants for appellant. Appellant called his probation officer in April and admitted that he had "kicked" down the McCraes' door and that he was aware of the outstanding arrest warrants.

## II. TRIAL PROCEEDINGS

At trial, Henry Gonzalez, a thirteen-year employee of Cash Converters, testified that he was familiar with the production and maintenance of the store's records. He explained that Cash Converters operates a number of stores that are similar to pawn shops, except that they purchase items for resale, rather than holding them for loans. Gonzalez testified that when an item is sold to a store, an employee fills out a transaction receipt that records the seller's contact information and physical characteristics, and notes the serial number of the items purchased, if available. The employee also makes a copy of the seller's identification, which is attached to the transaction

receipt. Cash Converters maintains the records in their system-wide database, as well as in every individual store.

Gonzalez testified that although he is currently employed as the manager of the Cash Converters in Norfolk, in January 2012 he was working at a Cash Converters branch in North Carolina. Nonetheless, he identified Exhibit Five as a transaction record from the Norfolk store and Exhibit Six as the state identification card attached to that transaction. Exhibit Five reflected the date and time of the sale, the serial number of the purchased iPod and camera, and appellant's address, telephone number, and physical description. Exhibit Six was a photocopy of appellant's Virginia identification card. The court admitted the exhibits over appellant's hearsay objection.

### III. ANALYSIS

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Jones v. Commonwealth, 50 Va. App. 437, 446, 650 S.E.2d 859, 863 (2007) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16-17, 371 S.E.2d 838, 842 (1988)); see also Farley v. Commonwealth, 20 Va. App. 495, 498, 458 S.E.2d 310, 311 (1995) (holding that "[t]he admission of evidence is left to the broad discretion of the trial judge").

Appellant contends that Exhibits Five and Six were admitted in violation of the hearsay rule. Hearsay is "testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977) (quoting Charles T. McCormick, McCormick's Handbook of the Law of Evidence § 246, at 584 (Edward W. Cleary ed., 2d ed. 1972)). "[H]earsay evidence is inadmissible unless it falls within one of the recognized exceptions" to the rule. Robinson v. Commonwealth, 258 Va. 3, 6, 516 S.E.2d 475, 476 (1999).

The Commonwealth asserts that Exhibits Five and Six, although hearsay, were admissible under the business record exception to the rule. Business records are admissible as an exception to the hearsay rule "provided there is a circumstantial guarantee of trustworthiness." McDowell v. Commonwealth, 273 Va. 431, 434, 641 S.E.2d 507, 509 (2007).

> "The trustworthiness or reliability of the records is guaranteed by the regularity of their preparation and the fact that the records are relied upon in the transaction of business by the person or entities for which they are kept" and they are "kept in the ordinary course of business made contemporaneously with the event by persons having the duty to keep a true record." The final test "is whether the documents sought to be introduced are the type of records which are relied upon by those who prepare them or for whom they are prepared."

Id. at 434-35, 641 S.E.2d at 509 (quoting "Automatic" Sprinkler Corp. of Am. v. Coley & Petersen, Inc., 219 Va. 781, 792-93, 250 S.E.2d 765, 773 (1979)). The business record exception permits introduction "into evidence of verified regular [business] entries without requiring proof from the original observers or record keepers." Neeley v. Johnson, 215 Va. 565, 571, 211 S.E.2d 100, 106 (1975). "Admission of such evidence is conditioned, therefore, on proof that the document comes from the proper custodian and that it is a record kept in the ordinary course of business made contemporaneously with the event by persons having the duty to keep a true record." "Automatic" Sprinkler Corp. of Am., 219 Va. at 793, 250 S.E.2d at 773.

Although appellant objected to Gonzalez's testimony on the grounds that the Commonwealth did not establish a "foundation for the source of [the transaction receipts] or [Gonzalez's] expertise of the business records," he conceded both on brief and in oral argument that Gonzalez was the proper custodian of the records, and was familiar with the receipts and the procedure for obtaining the seller's information.

Further, Gonzalez's testimony established the trustworthiness and reliability of Exhibits Five and Six, the other foundational requirements for the business record exception. See Sparks v. Commonwealth, 24 Va. App. 279, 284, 482 S.E.2d 69, 71 (1997). Gonzalez testified that although

he was not working at the Norfolk store when the stolen items were purchased, he was a long-time employee of Cash Converters and he was familiar with the store records and the manner they were produced and maintained. He explained that the procedure for recording purchases was the same at all Cash Converters stores. A transaction receipt is prepared every time the store buys an item, and it is produced contemporaneously with the purchase. The transaction report is then stored in the company-wide computer system. Using the records, Gonzalez was able to locate the date of the transaction and the employee identification number for the Cash Converters representative who conducted the transaction on January 26, 2012.

Appellant argues for the first time on appeal that the evidence was improperly admitted because the Commonwealth did not establish that the records were relied upon "in the ordinary course of business." Appellant asserts that the photocopy of a seller's identification that is attached to the transaction report is obtained merely for the convenience of the Norfolk police department, and is not relied upon in the ordinary course of business. This objection was not specifically articulated in any manner to the trial court. Rather, the focus of the objection was Gonzalez's expertise based on the fact that Gonzalez was not working at the Norfolk Cash Converters store at the time of the transaction.

Rule 5A:18 requires an "objection [to be] stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Unless "a specific argument [is] made to the trial court at the appropriate time . . . the allegation of error will not be considered on appeal." Edwards v. Commonwealth, 41 Va. App 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*). A general objection is insufficient to preserve an issue for appeal. See id. Additionally, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." Id.

Because it was not cited as a basis for the objection, we will not consider appellant's argument that Cash Converters did not rely upon the transaction records in their ordinary course of business. Appellant concedes that Gonzalez was the proper person to authenticate the records, and Gonzalez's testimony established that the records were sufficiently trustworthy and reliable to be admissible under the business records exception. For that reason, we find that the trial court did not err in admitting Exhibits Five and Six, and we affirm appellant's convictions.

<u>Affirmed.</u>